UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSEPH ZMUDA,

                       Plaintiff,

              v.

NANCY A. BERRYHILL,[1] Commissioner of
  Social Security,

                       Defendant.

**DECISION
and
ORDER**

**17-CV-1250F**
(**consent**)

_____

APPEARANCES:          LAW OFFICES OF KENNETH R. HILLER, PLLC
                             Attorneys for Plaintiff
                             KENNETH R. HILLER, and
                             MARY ELLEN GILL, of Counsel
                             6000 North Bailey Avenue, Suite 1A
                             Amherst, New York 14226

                             JAMES P. KENNEDY, JR.
                             UNITED STATES ATTORNEY
                             Attorney for Defendant
                             Federal Centre
                             138 Delaware Avenue
                             Buffalo, New York 14202
                                     and
                             VERNON NORWOOD
                             Special Assistant United States Attorney, of Counsel
                             Social Security Administration
                             Office of General Counsel
                             26 Federal Plaza – Room 3904
                             New York, New York 10278
                                     and
                             DENNIS J. CANNING, and
                             JOLETTA MARIE FRIESEN
                             Special Assistant United States Attorneys, of Counsel
                             Social Security Administration
                             Office of General Counsel
                             601 E. 12TH Street, Room 965
                             Kansas City, Missouri 64106

---

[1] Nancy A. Berryhill became Acting Commissioner of the Social Security Administration on January 23, 2017. Pursuant to Fed.R.Civ.P. 25(d), Berryhill is substituted for Carolyn W. Colvin as Defendant in this case. No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

## JURISDICTION

On May 19, 2018, the parties to this action consented pursuant to 28 U.S.C. § 636(c) to proceed before the undersigned. (Dkt. 8). The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on June 29, 2018 (Dkt. 9), and by Defendant on August 27, 2018 (Dkt. 12).

## BACKGROUND

Plaintiff Joseph Zmuda ("Plaintiff"), brings this action under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's applications filed with the Social Security Administration ("SSA"), on October 7, 2014, for Social Security Disability Insurance under Title II of the Act ("SSDI"), and for Supplemental Security Income under Title XVI of the Act ("SSI") (together, "disability benefits"). Plaintiff alleged he became disabled on July 1, 2013, based on depression, difficulty concentrating, and difficulty sleeping. AR[2] at 163, 205. Plaintiff's applications initially were denied on October 1, 2014, AR at 95-110, and at Plaintiff's timely request, on March 30, 2017, a hearing was held in Buffalo, New York, before administrative law judge Stephen Cordovani ("the ALJ), located in Albany, New York. AR at 29-69. Appearing and testifying at the hearing were Plaintiff, his attorney, Jeanne Murray, Esq. ("Murray"), and vocational expert ("VE") Timothy P. Janikowski.

On May 8, 2017, the ALJ issued a decision denying Plaintiff's claim, AR at 12-28 ("the ALJ's decision"), which Plaintiff appealed to the Appeals Council. AR at 156. On

---

[2] References to "AR" are to the page of the Administrative Record electronically filed by Defendant on May 3, 2018 (Dkt. 7).

October 4, 2017, the Appeals Council issued a decision denying Plaintiff's request for review, rendering the ALJ's decision the Commissioner's final decision. AR at 1-6. On December 1, 2017, Plaintiff commenced the instant action seeking judicial review of the ALJ's decision.

On June 29, 2018, Plaintiff moved for judgment on the pleadings (Dkt. 9) ("Plaintiffs' Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. 9-1) ("Plaintiff's Memorandum"). On August 27, 2018, Defendant moved for judgment on the pleadings (Dkt. 12) ("Defendant's Motion"), attaching the Brief in Support of the Commissioner's Motion for Judgment on the Pleadings and in Response to Plaintiff's Brief Pursuant to Local Standing Order on Social Security Cases (Dkt. 12-1) ("Defendant's Memorandum"). Filed on September 13, 2018, was Plaintiff's Reply to Commissioner's Memorandum in Support (Dkt. 13) ("Plaintiff's Reply"). Oral argument was deemed unnecessary.

Based on the foregoing, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED.

## **FACTS**[3]

Plaintiff Joseph Zmuda ("Plaintiff" or "Zmuda"), born December 11, 1955, was 58 years old as of July 1, 2014,[4] his alleged disability onset date ("DOD"), and 61 years old as of May 3, 2017, the date of the ALJ's decision. AR at 12, 35, 158. Plaintiff lived alone in an apartment, socialized only with his sister who he saw once a week, and no

---

[3] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.
[4] Plaintiff's disability onset date, indicated in his disability benefits applications as July 1, 2013, was amended at the administrative hearing to July 1, 2014. AR at 44-45.

longer had a driver's license but walked or relied on bus transportation to get to appointments and to grocery shop.  AR at 33-34, 51.  Plaintiff is a high school graduate with previous work experience as a machine operator, machine packager, and welder.  AR at 35-36, 207.  It is undisputed Plaintiff suffers from a depressive disorder and anxiety disorder.  *Id.* at 18.  Plaintiff served in the Army from which he was honorably discharged, AR at 431, and receives medical care through the Department of Veterans Affairs ("VA") Western New York Health Care System.  AR at 231-443.

## DISCUSSION

1. **Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A).  A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error.  42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).  In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted).  "Substantial evidence is more than a mere scintilla.  It means such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion." *Id.* It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence. *Id.* "Congress has instructed . . . that the factual findings of the Secretary,[5] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d60, 62 (2d Cir. 1982).

**2.    Disability Determination**

The definition of "disabled" is the same for purposes of receiving SSDI and SSI benefits. *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a). The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982). If the claimant meets the criteria at any of the five steps, the inquiry ceases and the claimant is not eligible for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which the benefits are claimed. 20 C.F.R. §§ 404.1520(b) and 416.920(b). The second step is whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations. 20 C.F.R. §§ 404.1520(c) and 416.920(c). Third, if there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part

---

[5] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement of at least 12 continuous months, there is a presumption of inability to perform substantial gainful activity, and the claimant is deemed disabled, regardless of age, education, or work experience. 42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d). As a fourth step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" or "RFC" which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work ("PRW"). 20 C.F.R. §§ 404.1520(e) and 416.920(e). If the applicant remains capable of performing PRW, disability benefits will be denied, *id.*, but if the applicant is unable to perform PRW relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c). The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step. 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).

In the instant case, the ALJ found that Plaintiff met the Act's insured status requirement for SSDI through June 30, 2016, AR at 17, Plaintiff has not engaged in substantial gainful activity since July 1, 2014, his amended alleged disability onset date,

*id.*, Plaintiff suffers from the severe impairments of depressive disorder and anxiety disorder, *id.* at 18, but that other conditions for which Plaintiff has been "medically managed," including sleep disturbance, fatigue, poly-substance abuse in remission, vertigo, tinnitus, arachnoid cyst, lymphadenopathy (enlarged lymph nodes), lung nodule, dyspnea (shortness of breath), chest pain, abdominal pain, constipation, dyspepsia (indigestion), mild hepatomegaly (enlarged liver), right shoulder degenerative changes, tobacco use disorder, smoking cessation, sinusitis, dermatitis, dental caries, hypertension, and dyslipidemia (elevated blood lipids) resulted in no limitations in basic work activities and, as such, are not severe impairments. AR at 18. The ALJ further found Plaintiff does not have an impairment or combination of impairments meeting or medically equal to the severity of any listed impairment in Appendix 1, *id.* at 18-20, and that Plaintiff retains the RFC to perform the full range of work at all exertional levels, limited only by an inability to engage in supervisory duties, or in work requiring independent decision-making, or strict production quotas, and can tolerate only minimal changes in work routine and processes as well as occasional interaction with supervisors, co-workers, and the general public, AR at 18-21, including Plaintiff's past relevant work ("PRW"), as a machine packager, AR at 22-24, such that Plaintiff is not disabled as defined under the Act. *Id.* at 24.

  Plaintiff does not contest the ALJ's findings with regard to the first three steps of the five-step analysis, but argues the ALJ's determination of Plaintiff's RFC at the fourth step is not supported by substantial evidence in the record because the opinion of Veterans Administration ("VA") psychologist Carol Jo Descutner ("Dr. Descutner"), to which the ALJ gave significant weight, was rendered in the context of determining

whether Plaintiff suffers from Post Traumatic Stress Disorder ("PTSD") and thus was not a functional assessment and is "vague" on the issue of Plaintiff's ability to engage in work related activities, "the ALJ failed to explain how he arrived at the highly detailed RFC finding," and should have either requested clarification from Dr. Descutner or ordered a consultative examination. Plaintiff's Memorandum at 1, 6, 9-12. In opposition, Defendant argues substantial evidence supports the ALJ's assessment of Plaintiff's RFC, rendering unnecessary Dr. Descutner's clarification or a consultative examination. Defendant's Memorandum at 17-25. In reply, Plaintiff argues that although Plaintiff has the burden of establishing disability, Defendant has the burden to develop the record and the ALJ's failure to do so in this case resulted in an RFC assessment that is unsupported by any functional opinion evidence. Plaintiffs' Reply at 1-2. Plaintiff's arguments are without merit.

The ALJ is required to develop the record by recontacting treating sources only where the evidence in the record is inadequate to permit the ALJ to make a disability determination, *Perez v. Chater*, 77 F.3d 41, 48 (2d Cir. 1996) (holding ALJ not required to develop the record by obtaining retrospective reports from claimant's physicians where reports from such physicians already in the record supported the ALJ's disability determination). Nor is remand required when an ALJ fails to request medical reports or opinions provided, as here, "the record contains sufficient evidence from which an ALJ can assess the petitioner's residual functional capacity." *Tankisi v. Comm'r of Soc. Sec.*, 521 Fed.Appx. 29, 34 (2d Cir. Apr. 2, 2013) (citing cases). Here, the administrative record is simply bereft of any evidence suggesting Plaintiff suffers from mental impairments of a disabling degree.

In particular, although Plaintiff claims only mental limitations, with the ALJ finding Plaintiff's depressive and anxiety disorders limit Plaintiff's ability to perform basic work activities and thus are, by definition, severe, and despite the absence in the administrative record of any opinion from a treating psychologist, the ALJ's assessment of Plaintiff's RFC is supported by substantial evidence in the record. Specifically, on July 14, 2016, Dr. Descutner completed an Initial Post Traumatic Stress Disorder Disability Benefits Questionnaire ("PTSD Questionnaire") to determine whether Plaintiff meets the diagnostic criteria for PTSD which would qualify Plaintiff for VA disability benefits. AR at 428-37. In connection with the PTSD Questionnaire, Dr. Descutner examined Plaintiff and reviewed his VA medical records, following which Dr. Descutner found that Plaintiff has major depressive disorder, the symptoms of which included pessimistic cognitive set, low mood, social isolation, amotivation, anhedonia, low mood and periods of sadness, but that Plaintiff denied suicidal ideation, as well as generalized anxiety disorder, and alcohol use disorder in remission, yet Plaintiff's symptoms did not meet the diagnostic criteria for PTSD. AR at 428-29.

Although Dr. Descutner's examination of Plaintiff in connection with the PTSD determination was not on a consultative basis with regard to Plaintiff's disability benefits application, it is medical evidence upon which the ALJ was permitted to rely[6] such that contrary to Plaintiff's argument, Plaintiff's Reply at 1-2, the ALJ's decision was not a common sense judgment of Plaintiff's functional capacity without a physician's assessment. *See, cf., Wilson v. Colvin*, 2015 WL 1003933, at * 2 (W.D.N.Y. Mar. 6,

---

[6] Under the relevant regulations, Dr. Descutner, a psychologist, is an "acceptable medical source," 20 C.F.R. § 404.1502(a)(2), whose opinion is evidence for consideration in evaluating disability claims. 20 C.F.R. § 404.1513(a).

2015) (functional capacity assessment based only on common sense without any physician's assessment generally not allowed). Nevertheless, the ALJ did not rely solely on Dr. Descutner's assessment, but also on the rest of Plaintiff's VA medical records showing in 2011, Plaintiff commenced treatment at the VA for mental health issues and alcohol abuse to which Plaintiff generally responded well and managed to cease all substance abuse. *See, generally*, AR at 230-322. After July 1, 2014, there was a lapse in Plaintiff's treatment until December 29, 2015, when Plaintiff reported he had on his own stopped taking his medications and his depression symptoms returned, yet Plaintiff remained sober and clean and continued to abstain from alcohol abuse. AR at 357. Plaintiff was given new prescription medications for his depression, and compliance with medications and appointments was emphasized. *Id.* Plaintiff then resumed regular counseling sessions with psychiatrist Ronald Lubin, M.D. ("Dr. Lubin"), who, on February 5, 2016, assessed Plaintiff with recurrent depressive disorder, and alcohol abuse in full remission for five years. AR at 356. At that time, Plaintiff denied any sleep disturbances. *Id.* At further counseling sessions, Dr. Lubin continued to report Plaintiff as responding well with his medications. For example, on February 19, 2016, Dr. Lubin met with Plaintiff in a counseling session and described him as "psychiatrically stable." AR at 336-38. According to Dr. Lubin, at a September 9, 2016 counseling session, Plaintiff reported he tolerated his medications well, and that the medications "helped out," that Plaintiff was eagerly anticipating receiving back his driver's license which was revoked five years earlier, and that Plaintiff continued to enjoy reading and would "lose [him]self in a book." AR at 427. Dr. Lubin assessed Plaintiff with moderate recurrent major depression, generalized anxiety, and alcohol

abuse/dependence in full remission, commenting that Plaintiff "is showing good response to treatment at this time," and "is psychiatrically stable." AR at 427-28.

Further, the record contains several references that after applying for disability benefits, Plaintiff continued to work off and on when work was available. *See, e.g.*, AR at 432 (Dr. Descutner reporting on July 14, 2016 that Plaintiff "now does temporary labor jobs through a Temp service. His work at Jamestown Container 'comes and goes' but he worked there last week."); 288 (May 21, 2014 VA Vocational Rehabilitation Note by Plaintiff's Addictions Therapist Timothy C. Parish indicating that that Plaintiff planned to "seek employment again when he is ready and is looking to take care of some loose ends such as his drivers license in the interim"); 292-93 (September 17, 2013 Outreach Note stating "Vet is working full time"). Significantly, Plaintiff testified at the administrative hearing that he took temporary jobs because he needed the money to pay bills and "d[id]n't want to go on welfare." AR at 55. This is consistent with Plaintiff's hearing testimony that he left his last two places of employment because there was no work for him and he was laid off, AR at 56-57, rather than that Plaintiff was unable to perform the work because of his mental impairments. Plaintiff's assertion that because of his mental impairments his ability to concentrate is sufficiently impaired that he is unable to work, Plaintiff's Memorandum at 45, 48, is inconsistent with his hearing testimony that Plaintiff read books every day for an hour, AR at 57, and that Plaintiff, who lost his driver's license because of alcohol-related infractions, had recently reapplied to have his driver's license reinstated, AR at 58, as well as Dr. Descutner's report that if he is not working, Plaintiff would spend a typical day reading or working on model cars, that Plaintiff reads "all types of books (e.g., Harry Potter books), and he

11

loses himself in them to 'get away from myself.'" AR at 432. These statements are also inconsistent with Plaintiff's claimed impaired concentration.

Significantly, "[a] lack of supporting evidence on a matter for which the claimant bears the burden of proof, particularly when coupled with other inconsistent record evidence, can constitute substantial evidence supporting a denial of benefits." *Barry v. Colvin*, 606 Fed.Appx. 621, 622 (2d Cir. Apr. 21, 2015). Absent more definitive evidence indicating Plaintiff suffers from depression and anxiety sufficiently severe to impact Plaintiff's ability to work, the ALJ was not required to develop the record as to these asserted conditions. Accordingly, because the administrative record contains substantial evidence supporting the ALJ's assessment of Plaintiff's RFC, Plaintiff's argument that the matter should be remanded for the ALJ to obtain either clarification from Dr. Descutner or a consultative mental examination of Plaintiff is without merit. The ALJ's assessment of Plaintiff as able to perform his PRW as a machine packager thus is supported by substantial evidence in the record, thereby supporting the ALJ's determination that Plaintiff is not disabled.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Dkt. 9) is DENIED; Defendant's Motion (Dkt. 12) is GRANTED. The Clerk of Court is directed to close the file.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   June 10th , 2019
         Buffalo, New York